IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MICHAEL H. HOLLAND, A. FRANK
DUNHAM, MARTY D. HUDSON, and
ELLIOT A. SEGAL,  Trustees of
the UNITED MINE WORKERS OF
AMERICA 1993 BENEFIT PLAN,

        Plaintiffs,

vs.                         CIVIL ACTION NO. 5:02-0066

FOUR CORNERS CORPORATION,
a corporation
and
BLUESTONE INDUSTRIES, INC.,
a corporation,

        Defendants.


**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AND INJUNCTIVE RELIEF AGAINST DEFENDANT
FOUR CORNERS CORPORATION ONLY**


The plaintiff-Trustees move the Court pursuant to Rule 55(b)(2) of the

Federal Rules of Civil Procedure to enter default judgment in their favor and against

the defendant Four Corners Corporation on the basis of the record in this case --

including the complaint, the Affidavit of Dale Stover attached hereto as Exhibit A, the

affidavit Gary A.  Collias attached hereto as Exhibit B and based upon the Clerk's

Entry of Default attached hereto as Exhibit C.   The plaintiffs do not seek default

judgment against the other defendant Bluestone Industries, Inc. which has filed an

answer in this case.

This civil action was brought by the plaintiffs against the defendants

pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. §185; §502(e)

of the Employee Retirement Income Security Act, 29 U.S.C. §1132(e) and §9721 of the Coal Industry Retiree Health Benefits Act of 1992, 26 U.S.C. §9721, for the purpose of compelling the defendants to submit to an audit and produce certain business records to auditors of the plaintiffs so that a determination may be made as to whether the defendant Four Corners Corporation is "no longer in business" within the meaning of Article IX.2.C. of the 1993 Benefit Plan and whether pensioners and their spouses and dependants are therefore eligible for health benefits under Article IX. 2. of the 1993 Benefit Plan. The details with regard to the plaintiffs' claim against the defendant Four Corners Corporation and the reasons that the plaintiffs need the defendant Four Corners' records are set forth in detail in the memorandum filed herewith and in the Declaration of Dale Stover attached hereto as Exhibit A.

The defendant Four Corners Corporation has been properly served with a complaint and summons in accordance with Rule 4 of the Federal Rules of Civil Procedure. The defendant Four Corners Corporation has failed to answer or make other response to this complaint and summons within the time provided by the Federal Rules of Civil Procedure. The Clerk of the Court duly entered default against the defendant Four Corners Corporation on February 26, 2002. See Entry of Default attached hereto as Exhibit C.

Plaintiffs have incurred attorney's fees in the amount of 667.00 and costs in the amount of $170.00 in the prosecution of this civil action. The plaintiffs are not including in the costs set forth and claimed the service fee against the other defendant Bluestone Industries, Inc.

Accordingly, the plaintiffs seek judgment for a total of $837.00 for

2

attorney fees and costs in this civil action pursuant to 29 U.S.C. §1132(g)(2)(D). The affidavit of undersigned counsel is attached hereto as Exhibit B and sets forth the claim for attorney fees and costs.

Accordingly, the plaintiff-Trustees now move this Court to grant them default judgment against the defendant Four Corners Corporation in the amount of $837.00 for attorney fees and costs and for an injunction order directing the defendant Four Corners Corporation through its officers, agents, servants, and employees to submit to an audit to be conducted by auditors of the plaintiffs and to produce to the plaintiffs all those records necessary in order for the plaintiffs to determine if the defendant is "no longer in business." The documents required include, but are not limited to, those set forth on pages 2, 3, 4 and 5 of the Declaration of Dale Stover attached hereto as Exhibit A and listed in the plaintiffs' complaint.

An affidavit concerning military service is not attached since the defendant is a corporation.

Respectfully submitted,

GARY A. COLLIAS
McIntyre & Collias
124 Capitol Street
P.O. Box 70007
Charleston, WV 25301-0007
Telephone: (304) 344-3652
Counsel for Plaintiffs

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

MICHAEL H. HOLLAND, A. FRANK
DUNHAM, MARTY D. HUDSON and
ELLIOT A. SEGAL, Trustees of the UNITED
MINE WORKERS OF AMERICA 1993
BENEFIT PLAN,

      Plaintiffs,

v.

                                Civil Action No. 5:02-0066

FOUR CORNERS CORPORATION
BLUESTONE INDUSTRIES, INC.

      Defendants.

## DECLARATION OF DALE R. STOVER

I, Dale R. Stover, declare as follows:

    1.      I am an employee of the Trustees of the United Mine Workers of America ("UMWA")

Health and Retirement Funds with the designation of Senior Manager, Income & Litigation Support.

    2.      I am responsible for the operation and guidance of the Income Process of the

Comptroller's Division, which includes, among other things, supervision of accounting and collection of

statutory premiums and contractual contributions, field audit, withdrawal liability and financial analysis

for each of the Funds. In discharging my duties as Senior Manager, I am required to manage and review

all audit work performed within the Field Audit Program to insure that said program is maintained in

compliance with the standards and requirements set forth by the Employee Retirement Income Security

**Exhibit**

A

Act of 1974 ("ERISA"), 29 U.S.C. § 1001, the National Bituminous Coal Wage Agreements of 1974, 1978, 1981, 1984, 1988, 1993 and 1998.

3.      To determine whether Four Corners Corporation is "no longer in business" within the meaning of Article IX.2.C. of the 1993 Benefit Plan and whether pensioners and their spouses and dependents are eligible for health benefits under Article IX.2. of the 1993 Benefit Plan, plaintiffs require access to Four Corners Corporation's financial records and other documents, including agreements and other documents covering or relating to any purchase or sale of Four Corners Corporation's shares or assets, including the purchase of Four Corners Corporation by Jeff Collis from Bluestone Industries, Inc.

4.      Plaintiffs' auditors have, pursuant to Article XX(g)(1) of the Wage Agreement, asked Four Corners Corporation and Bluestone Industries, Inc. to make available such financial records and other documents as are necessary to determine whether Four Corners Corporation is "no longer in business" within the meaning of Article IX.2.C. of the 1993 Benefit Plan. Four Corners Corporation has failed to make such information available to plaintiffs for inspection and audit.

5.      In order to make a determination as to whether Four Corners Corporation is "no longer in business," the following records or their equivalent are required:

| | |
|---|---|
| GENERAL LEDGER | To determine financial position, identify disposition/acquisition of assets and verify accuracy/ consistency of detail records books of original entry and financial statements. |
| CASH DISBURSEMENTS JOURNAL | To determine existence of any unusual withdrawals or transfers, acquisition of assets, and verify accuracy/consistency of detail records and general ledger. |
| CASH RECEIPTS JOURNAL | To verify and analyze disposition of assets, determine existence of any other liquidation process, verify final production date, verify accuracy/consistency of detail records and general ledger. |

| | |
|---|---|
| SALES JOURNAL | To verify final production date, disposition of assets, and accuracy/consistency of detail records and general ledger. |
| GENERAL JOURNAL | To reconcile general ledger balances/entries to entries from other journals, verify accuracy/ consistency of detail records. |
| ACCOUNTS RECEIVABLE LEDGER | To verify sales amounts uncollected and accuracy/ consistency of sales journal and receipts journal. |
| ACCOUNTS PAYABLE LEDGER | To verify outstanding payments and accuracy/consistency of disbursements journal. |
| CHECK STUBS/VOUCHERS | To identify purpose of checks, or obtain other detail information related to cash disbursements; to verify accuracy/consistency of disbursements journal. |
| BANK STATEMENTS W/CANCELLED CHECKS | To verify cash receipts and disbursements to postings in appropriate books of original entry and to insure continuity in checks written or received.  Also, to verify disposition of assets/ liquidation procedures, and to identify any special accounts set up. |
| LEASE AGREEMENT/CONTRACT MINING AGREEMENTS; and SALES CONTRACTS | To verify final production date and verify accuracy/consistency of sales journal.  Also to determine any assignments/transfers. |
| TIME SHEETS/CARDS/BOOKS | To verify classified hours worked by employee, including final date of employment. |
| TIME SUMMARIES | To verify total hours worked. |
| PAYROLL REGISTER (also called Employee Payroll History Report) | To verify classified hours via wages paid to each employee per pay period. |
| FORMS 941 | To verify classified hours via the total quarterly wages paid.  Also, to identify/verify any tax liabilities or refunds. |

FORMS W-2

To verify classified hours via the annual wages paid.

ALL OTHER PAYROLL TAX RETURNS

To determine existence of any liabilities or refunds attributable to various payroll tax obligations.

HOURS REPORTING FORMS

To verify that hours are reported correctly for each classified employee.

FINANCIAL STATEMENTS

To determine financial position and verify accuracy/consistency of general ledger.

INCOME TAX RETURNS

To determine entity status, verify existence of any tax liabilities or refunds and to verify accuracy/consistency of detail records and books of original entry.

DEPRECIATION SCHEDULES

To verify asset acquisition, disposition, and valuation and to verify accuracy/consistency of related accounts in general ledger and books of original entry.

EQUIPMENT LEASES

To verify existence of operating leases and determine if any should be regarded as capital leases that affect financial position and/or identification of a successor entity.

ARTICLES OF INCORPORATION
and STATE FRANCHISE REPORTS

To verify entity form and status.

PROPERTY TAX RETURNS

To verify accuracy/consistency of assets and related valuations reflected in financial statements, general ledger and supporting records.

BANK LOAN DISCLOSURE STATEMENTS

To verify asset and liability existence and valuation reflected in financial statements, general ledger and supporting records.

DIRECTORS' MEETING MINUTES

To verify asset and liability existence and valuation reflected in financial statements, general ledger, and supporting records.

STOCK CERTIFICATE REGISTER

To determine/verify corporate ownership

ASSET SALE AGREEMENTS/ CONTRACTS

To verify the recording of disposition of assets and possible effect on determination of successor entity.

I declare, under penalty of perjury that the foregoing is true and correct this 4th day of March

2002 at Beckley, West Virginia.

DALE STOVER

P:\PMWIN\PUBLIC\MSCHOEPP\DECAFF/64650.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MICHAEL H. HOLLAND, A. FRANK
DUNHAM, MARTY D. HUDSON, and
ELLIOT A. SEGAL, Trustees of
the UNITED MINE WORKERS OF
AMERICA 1993 BENEFIT PLAN,

       Plaintiffs,

vs.                          CIVIL ACTION NO. 5:02-0066

FOUR CORNERS CORPORATION,
a corporation
and
BLUESTONE INDUSTRIES, INC.,
a corporation,

       Defendants.

## AFFIDAVIT

STATE OF WEST VIRGINIA,
COUNTY OF KANAWHA, to-wit:

       GARY A. COLLIAS, of 124 Capitol Street, Charleston, Kanawha County,

West Virginia, being first duly sworn, upon his oath, deposes and says:

       1. That the plaintiff-Trustees have incurred costs in the prosecution of

this action, as follows:

              Filing Fee    $150.00
              Service Fee   _20.00_
                       $170.00

       2. That the Firm of McIntyre & Collias, as counsel for the plaintiff-

Trustees, has diligently worked 5.8 hours in the representation and protection of the

interests of the plaintiff-Trustees herein; that at an hourly rate and charge of

$115.00, said plaintiff-Trustees are entitled to have an award of $667.00 as an award

of reasonable counsel fees in such representation, pursuant

                     EXHIBIT "B"

to 29 U.S.C. § 1132(g)(2)(B).

_____
GARY A. COLLIAS

Taken, subscribed and sworn to before me this 7th day of March,

2002.

My commission expires: October 1, 2005.

_____
NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
PEGGY A. JARRETT
496 WESTMORELAND ROAD
CHARLESTON, WV 25302
My Commission Expires Oct 1, 2005

2

ENTERED

FEB 26 2002

SAMUEL L. KAY, CLERK
District & Bankruptcy Court
Distri.              Vir....

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MICHAEL H. HOLLAND, A. FRANK
DUNHAM, MARTY D. HUDSON, and
ELLIOT A. SEGAL,  Trustees of
the UNITED MINE WORKERS OF
AMERICA 1993 BENEFIT PLAN,

          Plaintiffs,

vs.                               CIVIL ACTION NO. 5:02-0066

FOUR CORNERS CORPORATION,
a corporation
and
BLUESTONE INDUSTRIES, INC.,
a corporation,

          Defendants.

## ENTRY OF DEFAULT BY CLERK AGAINST
## DEFENDANT FOUR CORNERS CORPORATION ONLY

Upon verified application of counsel for plaintiff- Trustees and the records of this

Court reflecting that more than twenty (20) days have elapsed since the defendant, Four Corners

Corporation, a corporation, was duly served, and having failed to answer or otherwise plead to the

Complaint;

It is ADJUDGED that the defendant, Four Corners Corporation, a corporation, is in

default, and that plaintiff-Trustees have and recover of the said defendant Four Corners

Corporation,  such sum or sums as the said plaintiff-Trustees shall prove to the Court, together with

costs and attorney fees.

Dated this 26th day of February , 2002.

SAMUEL L. KAY, CLERK

By: _____
    Deputy Clerk

Exhibit

C